**Alvin ZAHAR, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 03–70386.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 13, 2004.*

Decided Sept. 22, 2004.

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

---

Alvin Zahar, Pomona, CA, pro se.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Brenda M. O'Malley, U.S. Department of Justice Civil Div., Office of Immigration Lit., Washington, DC, for Respondent.

Before: PREGERSON, T.G. NELSON, and GRABER, Circuit Judges.

## MEMORANDUM **

Alvin Zahar, a native and citizen of Indonesia, petitions for review of the Board of Immigration Appeals' affirmance of an Immigration Judge's ("IJ") decision denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We dismiss in part and deny in part the petition for review.

■ We lack jurisdiction to review the IJ's determination that Zahar's·application for asylum was filed more than one year after arrival in the United States. *See* 8

---

** This disposition is not appropriate for publication and may not be cited to or by the

U.S.C. § 1158(a)(2)(B); *Hakeem v. INS*, 273 F.3d 812, 815 (9th Cir.2001).

■ We review for substantial evidence the IJ's denial of Zahar's application for withholding of removal. *Id.* at 816. Zahar testified that when he was a child, ethnic Indonesians harassed or discriminated against him based on his Chinese ethnicity on three occasions, and that he was once the victim of an attempted robbery. The IJ properly concluded that the events, as Zahar described them, did not rise to the level of persecution, *see Prasad v. INS*, 47 F.3d 336, 340 (9th Cir.1995), and that Zahar's fear of future persecution based on race or religion was not objectively well-founded, *see Ghaly, v. INS*, 58 F.3d 1425, 1431 (9th Cir.1995). Accordingly, Zahar failed to meet the stringent standard to support an application for withholding of removal, *see Lata v. INS*, 204 F.3d 1241, 1244 (9th Cir.2000).

Zahar's CAT claim similarly fails because he did not show that it would be more likely than not that he would be tortured if returned to Indonesia. *See Malhi v. INS*, 336 F.3d 989, 993 (9th Cir. 2003).

Pursuant to *Desta v. Ashcroft*, 365 F.3d 741 (9th Cir.2004), petitioner's motion for stay of removal included a timely request for stay of voluntary departure. Because the stay of removal was granted, the voluntary departure period was also stayed, nunc pro tunc, to the filing of the motion for stay of removal and this stay will expire upon issuance of the mandate.

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**

courts of this circuit except as provided by Ninth Circuit Rule 36–3.